## CIRCUIT COURT OF LOUDOUN COUNTY

Kay F. Sterrett et al.

v.

Board of Supervisors
of Loudoun County et al.

May 31, 1991

Case No. (Chancery) 12938

By JUDGE THOMAS D. HORNE

This case last came before the Court upon various discovery matters. Since the Court last heard argument concerning these pre-trial issues, counsel for the complainants have filed an Amended Bill of Complaint. The filing of such Amended Bill follows the entry of the Decree of April 22, 1991, which Decree embodies the findings of this Court reflected in its letter opinion of February 22, 1991. Counsel for the defendants have reasserted their right to discover certain matters in the possession of persons not parties to these proceedings. Affidavits have been furnished by counsel for the defendants and for the third parties relating to what, if any, limitations there may be to such discovery.

On January 15, 1991, a clerk of this Court issued a subpoena duces tecum directed to Eleanor C. Towe commanding that she produce at the law offices of Hazel and Thomas, P.C., "all notes, memoranda, etc. . . . which have been held or generated by her and which relate to any of the following: (1) the proposal by Round Hill Associates (or "intergate") for rezoning of property near the town of

Round Hill, Virginia, etc. . . ." (2) the organization of persons and/or groups of persons or organizations in any effort to acquire or disseminate information concerning rezoning, etc. . . . during the period of time from January 1, 1988, through the present, . . . . (3) information acquired, etc. . . . concerning the rezoning . . . during the period of time from January 1, 1988, through the present and . . . (4) solicitation of support of any person or organization, in any manner, for either (a) apposition to, or (b) participation in public hearings, etc. . . . relating to the review, approval, reconsideration, etc., of either ZMAP 89-04 "Round Hill," or the Round Hill Area Management Plan, during the period of time from January 1, 1987, through the present." A like Rule 4:8 (sic) (c) Subpoena Duces Tecum was issued by the Clerk and served on James G. Burton. Motions to quash such subpoenas have been filed by Mrs. Towe and Mr. Burton.

Pursuant to Rule 4:9(c) of the Rules of the Supreme Court, a party is entitled to the issuance of a subpoena duces tecum upon written request to discover documents, tangible things, etc., in the possession of a third party which are not privileged and are relevant to the subject matter involved in the pending action, even though they may be inadmissible at trial. The Court, upon proper motion, may, *inter alia*, quash or modify the subpoena if found unreasonable and oppressive.

As issued, the Court finds that such subpoenas are both unreasonable and oppressive and should be quashed. In so finding, the Court has carefully considered the balance to be drawn between the right of the defendant to obtain evidence and a third party's right to privacy. Tested against the Rule and the affidavits filed, the Court believes the request in each case to be so sweeping in scope as to be both unreasonable and oppressive.

While the instant case is distinguishable from the facts in *National Association for the Advancement of Colored People, Inc., et al. v. Committee on Offenses Against the Administration of Justice*, 199 Va. 665 (1958), many of the arguments made and rejected in the later case take on meaning in the instant cause of action. Thus, while the right to privacy claimed in *NAACP v. Committee* was found by the Court to have been properly subject to a reasonable exercise of the police power in the form of

a legislative subpoena, such a factual predicate may be readily contrasted with the all-embracing request of defendants in the instant case.

Accordingly, the Court will grant the Motions to Quash the instant subpoenas as to third parties, Towe and Burton.